**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:24-cv-00315** |
| | § | |
| **KSW RAIL GROUP, LLC; and DU** | § | |
| **TRUCK SERVICES, INC. dba** | § | |
| **TRUCK SOURCE INCORPORATED** | § | |
| | § | |
| **Defendants.** | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Colony Insurance Company ("Colony") files this Complaint for Declaratory Relief and would show the following:

**I.    INTRODUCTION**

1.    This is an insurance coverage action regarding coverage for claims asserted against Defendant KSW Rail Group, LLC dba De Lucio USA ("KSW"), in a lawsuit styled *Pac Anchor Transportation, Incorporated v. Du Truck Services, Inc. dba Truck Source Incorporated*; *and DOES 1-100, inclusive; Du Truck Services, Inc. DBA Truck Source Incorporated v. KSW Rail Group, LLC dba De Lucio USA*, Case No. 23CV40016, filed in the Circuit Court of the State of Oregon, for the County of Multnomah, Oregon (the "Underlying Lawsuit").

2.    Colony issued a commercial garage insurance policy to KSW. Colony seeks a declaration that it has no duty to defend KSW under the commercial garage insurance policy for the claims asserted in the Underlying Lawsuit, and that it has no duty to indemnify KSW for any damages that may be awarded against it in the Underlying Lawsuit, including, but not limited to,

**COLONY'S COMPLAINT FOR DECLARATORY JUDGMENT**                              **PAGE 1**

those raised in the Third-Party Complaint brought by Du Truck Services, Inc dba Truck Source Incorporated ("Truck Source").

## II.   PARTIES

3.      Plaintiff Colony is a corporation formed under Virginia law with its principal place of business located in Chicago, Illinois. Therefore, Colony is a citizen of Virgina and Illinois.

4.      Defendant KSW Rail Group, LLC dba De Lucio USA is a limited liability company organized under the laws of the state of Texas and located at 927 W Expressway 83, Donna, Texas 78537. On information and belief, the sole member of KSW is Laura M Rios. Laura M. Rios has established domicile in Texas at 1900 S Villa Real Dr., Pharr, Texas 78577; therefore, she is a citizen of Texas for purposes of diversity jurisdiction. Because the sole member of KSW is and at all times has been a citizen of Texas, it is also a citizen of Texas for purposes of diversity.

5.      Defendant Du Truck Services, Inc. dba Truck Source Incorporated is a corporation organized under the laws of the State of Oregon, with its principal place of business located at 8900 N Vancouver Ave. Portland, Oregon 97217, which is in Multnomah County, Oregon. Defendant Du Truck Services, Inc. dba Truck Source is a citizen of Oregon for purposes of diversity.

## III.   JURISDICTION & VENUE

6.      This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a) because: (1) Complete diversity of the parties exists, with Plaintiff Colony being a citizen of Illinois and Virginia, Defendant KSW being a citizen of Texas, and Defendant Truck Source being a citizen of Oregon; and (2) the amount in controversy, exclusive of interest and costs, exceeds $75,000.

COLONY'S COMPLAINT FOR DECLARATORY JUDGMENT                                    PAGE 2

7.      This Court has personal jurisdiction over Defendant KSW because it is a citizen and resident of Texas.

8.      This Court has personal jurisdiction over Defendant Truck Source because it purposefully contracted with KSW and engaged in systemic and substantial activity within this State and consented to its jurisdiction.

9.      Venue is appropriate under 28 U.S.C. § 1391(b) in that, Defendant KSW is a citizen and resident of the State of Texas and Defendant Truck Source is subject to this Court's personal jurisdiction.

## IV.    THE UNDERLYING LAWSUIT AND THIRD-PARTY COMPLAINT

10.      On December 7, 2023, Plaintiff Pac Anchor Transportation, Incorporated ("Pac Anchor") brought suit against Truck Source in the Underlying Lawsuit alleging that it purchased 100 truck trailer chassis from Truck Source, with Truck Source purporting to be a broker/dealer of truck chassis that specifically have been entirely made and manufactured in the United States.

11.      Plaintiff Pac Anchor alleges that despite assurances from Truck Source that the truck chassis it sold to Pac Anchor would be suitable units upon which shipping containers can be loaded to be transported to their destinations, the truck chassis it received in first delivery from Truck Source, lacked structural integrity and began to fail during use.

12.      Pac Anchor specifically alleges that the landing gear began to bend and fail when loaded containers were in parked position, and the rear chassis railings easily bent upon typical contact with a docking platform.

13.      Pac Anchor alleges that it discovered that none of the chassis are manufactured in the United States, and that some parts are not 100 percent United States made.

14.     Pac Anchor alleges that the true manufacturer is KSW under its dba De Lucio USA, located in Donna, Texas, whose parent company is Carrocerias de Lucia S.A.de C.V. of Hidalgo, Mexico.

15.     Pac Anchor alleges that the truck trailer chassis it was sold were made at the parent company's facilities in Mexico.

16.     Pac Anchor thereby alleges causes of action for breach of express warranty, fraudulent inducement – concealment, breach of contract, violations of the Oregon Unlawful Trade Practices Act ("UTPA") and negligent misrepresentation against Truck Source.

17.     Pac Anchor alleges it was damaged in the amount of the purchase price, down time for the damaged chassis, increased safety and liability risk, and loss of business, seeking $3,362,000 in damages.

18.     On December 27, 2023, Third-Party Plaintiff Truck Source filed the Third-Party Complaint against KSW, alleging that Truck Source acted as the broker between Pac Anchor and De Lucio for the sale and delivery of the chassis.

19.     Truck Source alleges causes of negligence contribution and common-law indemnity.

### V.     COLONY'S INSURANCE POLICY

20.     Colony issued a commercial garage policy to KSW, bearing policy number GP8401258, for the policy period of November 2, 2020, to November 2, 2021 (the "Policy"). The Policy provides no coverage for the claims asserted in the Underlying Lawsuit.

21.     The insuring agreement of the Policy states, in relevant part:

### GARAGE COVERAGE PART DECLARATIONS

**ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS:**
This policy provides only those coverages identified by entry of a PREMIUM and by entry of the applicable COVERED "AUTO" DESIGNATION SYMBOL in the columns below (numerical symbols are defined in Section 1 of the Garage Coverage Form). Entry of a covered "auto" symbol next to Liability provides coverage for "garage operations".

| GARAGE COVERAGE | COVERED "AUTOS" | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | | | PREMIUM |
|---|---|---|---|---|---|
| | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| LIABILITY | 22, 29 | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | | ▮ | ▮ | ▮ | ▮ |

## GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

*   *   *

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

## A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 29 | Non-owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your employees" or partners (if you are a partnership), members (if you are a limited liability company) or members of their households while used in your garage business. |

\* \* \*

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

\* \* \*

**SECTION II – LIABILITY COVERAGES**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos"

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   \* \* \*

2. **"Garage Operations" – Covered "Autos"**
   We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

   We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

\* \* \*

22.    The Policy defines an insured as follows:

**3.  Who Is An Insured**

    a.  The following are "insureds" for covered "autos":

       (1)  You for any covered "auto".

       (2)  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

          (a)  The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

          (b)  Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

          (c)  Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

          (d)  Your customers.

\* \* \*

    b.  The following are "insureds" for "garage operations" other than covered "autos":

       (1)  You.

       (2)  Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

\* \* \*

22.     Additionally, the Policy contains exclusions that state in part:

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

\* \* \*

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

\* \* \*

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

\* \* \*

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

\* \* \*

23.     Based on the foregoing exclusions, coverage is precluded under the Policy for the claims asserted against KSW.

24.     The Policy also contains the following definitions:

**SECTION VI – DEFINITIONS**

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means a land motor vehicle, "trailer" or semitrailer.

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

G. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

H. "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this coverage form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

\* \* \*

J. "Insured contract" means:

\* \* \*

5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

\* \* \*

K. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to

the conduct of your business. "Leased Worker" does not include a "temporary worker".

L.  "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

\* \* \*

N.  "Products" includes:

1.  The goods or products you made or sold in a garage business; and

2.  The providing of or failure to provide warnings or instructions.

O.  "Property damage" means damage to or loss of use of tangible property.

\* \* \*

Q.  "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

R.  "Trailer" includes semitrailer.

S.  "Work you performed" includes:

1.  Work that someone performed on your behalf; and

2.  The providing of or failure to provide warnings or instructions.

\* \* \*

## VI.    COUNT ONE: DECLARATORY JUDGMENT — NO DUTY TO DEFEND OR INDEMNIFY

25.    The foregoing Paragraphs 1 through 24 are incorporated herein by reference.

26.    An actual and justiciable controversy exists between Colony and Defendants concerning their respective rights and liabilities under the Policy.

23.    None of the pleadings in the Underlying Lawsuit allege any claims covered under the "Garage Operations" – Other Than Covered "Autos" or "Covered Autos" coverages as set out in the Colony Policy. None of the causes alleged against KSW assert "bodily injury" or "property

damage" caused by an "accident" and resulting from "garage operations". Additionally, the Underlying Lawsuit does not allege any claims involving an "Auto" as defined in the Policy.

27.     The claims asserted against KSW are not covered and, therefore, Colony has no duty to defend KSW. The allegations against KSW arise out of causes of action raised against Truck Source in an Underlying Lawsuit alleging breach of express warranty, fraudulent inducement – concealment, breach of contract, violations of the Oregon UTPA and negligent misrepresentation.

24.     Further, Truck Source's allegations that KSW is liable for negligence, contribution and common-law indemnity are not covered by the Policy as set out above.

28.     Additionally, the claims against KSW are excluded by the language of the Colony Policy set out above. The expected or intended injury exclusion precludes coverage for the claims asserted in the Underlying Lawsuit. The claims that Truck Source committed fraudulent inducement – concealment in the Underlying Lawsuit with the intent to make the sale to Pac Anchor and Truck Source's allegations in the Third-Party Complaint that KSW is liable for these actions under negligence contribution are excluded. And none of the foregoing includes a "bodily injury" or "property damage" as required under the terms of the Policy.

29.     Colony would show that there is no coverage for the claims raised against KSW based upon the application of the above contractual exclusion, which precludes coverage for liability assumed under any contract or agreement.

30.     Colony would show that the defective product exclusion precludes coverage in that it does not provide coverage for "property damage" to "products" with existing defects at the time they are transferred to others.

25.     Colony would show that the work you performed exclusion precludes coverage in the event there is "property damage" to or resulting from any work you did. The claims raised in the Underlying Lawsuit do not allege any "property damage" as defined in the Policy.

31.     Colony, therefore, seeks a declaration pursuant to 28 U.S.C. § 2201 that it has no duty to defend KSW against the claims asserted in the Underlying Lawsuit, and that it has no duty to indemnify KSW for any liability and damages that have been or may be awarded against it.

## VII.    RESERVATION TO AMEND

32.     Plaintiff reserves the right to amend this action as necessary and to include any additional claims that may be made.

## VIII.    PRAYER

WHEREFORE, Plaintiff Colony Insurance Company prays for a declaration that it has no duty to defend or indemnify Defendant KSW in the Underlying Lawsuit as set forth above and for any further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi – Attorney-in-charge
State Bar No. 24041468
Southern District No. 38607
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
Southern District No. 2870042
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR PLAINTIFF**
**COLONY INSURANCE COMPANY**