**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:24-cv-00315** |
| | § | |
| **KSW RAIL GROUP, LLC; and DU** | § | |
| **TRUCK SERVICE, INC. dba TRUCK** | § | |
| **SOURCE INCORPORATED** | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT AGAINST**
**<u>DEFENDANT KSW RAIL GROUP, LLC</u>**

**COMES NOW** Plaintiff Colony Insurance Company and, pursuant to Federal Rule of Civil Procedure 55, respectfully requests the Clerk of Court to enter a default against Defendant KSW Rail Group, LLC (KSW), and shows as follows:

**I.     Background**

This is a suit on an insurance policy issued in Hidalgo County, Texas and pursuant to Texas law. Colony seeks a determination that it has no obligation to defend or indemnify KSW for allegations asserted against it by Truck Service, Inc. d/b/a Truck Source Incorporated (Truck Source) in the lawsuit styled *Pac Anchor Transportation, Incorporated v. Du Truck Services, Inc. dba Truck Source Incorporated; and DOES 1-100, inclusive; Du Truck Services, Inc. DBA Truck Source Incorporated v. KSW Rail Group, LLC dba De Lucio USA*, Case No. 23CV40016, filed in the Circuit Court of the State of Oregon, for the County of Multnomah, Oregon (the "Underlying Suit").

Colony filed its Original Complaint for Declaratory Judgment on August 1, 2024 (ECF No.

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**                                                                 **PAGE 1**

1) against KSW and Truck Source. KSW is the named insured for the related policy implicated by the Underlying Suit. Pac Anchor Transportation, Incorporated (Pac Anchor) is the plaintiff in the Underlying Suit in which Truck Source is a Third-Party Plaintiff against KSW. Truck Source seeks indemnity from KSW under the insurance policy at issue in this litigation. Therefore, it was joined in this action.

On March 11, 2024, KSW was served by process. *See* Return of Service (KSW Rail Group, LLC). ECF No. 16. No answer has been filed by or on behalf of KSW to date.

## II.    Request for Clerk's Entry of Default

The Clerk of the Court may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit, as long as the affirmative relief sought is a calculable sum certain. Fed. R. Civ. P. 55(a), (b)(1). Here the sum certain is zero dollars, as Colony seeks a judicial declaration that it has no duty to defend KSW against the claims raised in the Underlying Suit, and owes no indemnity for any liability that may be assessed for the claims made the basis of the Underlying Suit. The Clerk should enter a default against KSW because it has not filed an answer within twenty-one (21) days after the date of service. Fed. R. Civ. P. 12(a)(1)(A)(i).

By virtue of its default, KSW is deemed to have admitted the truth of the well-pleaded allegations of Colony's complaint. In particular, KSW has judicially admitted the following:[1]

> A.    Colony issued a commercial garage policy to KSW, as the named insured; bearing No. GP8401258, for the policy period of November 2, 2020, to November 2, 2021 (the "Policy"). Compl. for Declaratory J. ECF No. 1. ¶ 20. The Policy provides Commercial Auto "Garage Operations" – Other Than Covered "Autos" and Covered "Autos" coverage. *Id.* at ¶ 21.

> B.    On October 2, 2023, Pac Anchor filed a complaint against Truck Source for the sale of 100 Chassis to Pac Anchor. *Id.* at ¶ 10. The basis of the dispute between Pac Anchor and Truck Source is that Truck Source made certain assurances regarding the suitability of the chassis for transporting shipping containers. *Id.* at

---

[1] The paragraph numbers of Colony's Original Complaint for Declaratory Judgment incurred an error after ¶ 22 forward. Citations to paragraph numbers have been corrected herein.

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**                                              **PAGE 2**

¶¶ 11-12. Pac Anchor alleged that after taking delivery of a first batch of the chassis, they were found to be defective, in that, they lacked structural integrity and failed during use. *Id.* Moreover, Pac Anchor alleged Truck Source had made specific representations that the chassis were entirely made in the United States. *Id.* at ¶ 10. However, Pack Anchor claims it discovered that none of the chassis had in fact been manufactured in the United States, and that some parts were not 100 percent United States made. *Id.* at ¶ 13. Pac Anchor alleged that the chassis it received were sold by KSW dba De Lucio USA (KSW dba De Lucio) located in Donna, Texas, whose parent company is Carrocerias de Lucia S.A.de C.V. of Hidalgo, Mexico, and that the parent company manufactured the items. *Id.* at ¶ 14.

C.    Pac Anchor brought causes of action including breach of express warranty, fraudulent inducement – concealment, breach of contract, violations of the Oregon Unlawful Trade Practices Act ("UTPA") and negligent misrepresentation against Truck Source. Pac Anchor sought damages amounting to $3,362,000. *Id.* at ¶ 16.

D.    On December 27, 2023, Third-Party Plaintiff Truck Source filed its Third-Party Complaint against KSW, because of the Pac Anchor suit. *Id.* at ¶ 18. Truck Source alleged that it acted as broker between Pac Anchor and KSW dba De Lucio. *Id.* Truck Source alleged causes of negligence contribution and common-law indemnity. *Id.* at ¶ 19.

E.    On August 1, 2024, Colony filed its Complaint for Declaratory Judgement against both KSW and Truck Source. Compl. for Declaratory J. ECF No. 1. Truck Source was properly served and did answer (ECF No. 15) on September 12, 2024. However, KSW has not answered or otherwise appeared, despite being duly served. Return of Service (KSW Rail Group, LLC). ECF No. 16.

F.    In relevant part, the Policy's insuring agreement provides under the liability coverage that: "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies **caused by an 'accident' and resulting from 'garage operations'** other than the ownership, maintenance or use of covered 'autos' or involving the ownership, maintenance or use of covered 'autos.'" Compl. for Declaratory J. ¶ 21. See coverages below:

**ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS:**

This policy provides only those coverages identified by entry of a PREMIUM and by entry of the applicable COVERED "AUTO" DESIGNATION SYMBOL in the columns below (numerical symbols are defined in Section 1 of the Garage Coverage Form). Entry of a covered "auto" symbol next to Liability provides coverage for "garage operations".

| GARAGE COVERAGE | COVERED "AUTOS" | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | | | PREMIUM |
|---|---|---|---|---|---|
| | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| LIABILITY | 22, 29 | ▮ | ▮ | ▮ | ▮ |

\* \* \*

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**                                    **PAGE 3**

G.      When the General Coverage Part Declarations shows the "autos" that are covered "autos" it means the following (**emphasis added**):

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 22 | Owned "Autos" Only | Only those "autos" you own (**and for Liability Coverage any "trailers" you don't own while attached to power units you own**). This includes those "autos" you acquire ownership of after the policy begins. |
| 29 | Non-owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow **used in connection with your garage business described in the Declarations.** This includes "autos" owned by your employees" or partners (if you are a partnership), members (if you are a limited liability company) or members of their households while used in your garage business. |

\* \* \*

*Id.* ¶ 21.

H.      The Policy's insuring agreement also includes the following definitions:

**SECTION VI – DEFINITIONS**

A.  "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B.  "Auto" means a land motor vehicle, "trailer" or semitrailer.

C.  "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

\* \* \*

G.  "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this coverage form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

\* \* \*

J.  "Insured contract" means:

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**                **PAGE 4**

\* \* \*

5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

\* \* \*

L. "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

\* \* \*

N. "Products" includes:

1. The goods or products you made or sold in a garage business; and

2. The providing of or failure to provide warnings or instructions.

O. "Property damage" means damage to or loss of use of tangible property.

\* \* \*

R. "Trailer" includes semitrailer.

S. "Work you performed" includes:

1. Work that someone performed on your behalf; and

2. The providing of or failure to provide warnings or instructions.

\* \* \*

*Id.* ¶ 25.

I.    Additionally, the Policy contains exclusions that state in part:

### B. Exclusions

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**                                **PAGE 5**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

\* \* \*

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

\* \* \*

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

\* \* \*

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

\* \* \*

*Id.* ¶ 23.

J.      The Policy will only pay for bodily injury or property damage caused by an accident the result of garage operations. *Id.* ¶ 28. This means, the Policy only provides coverage where there is a showing that an accident, defined by the Policy as "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage'"; related to garage operations, defined as "all operations necessary or incidental to a garage business," has occurred. *Id.* ¶ 25.

K.      Here, not only do neither Pac Anchor nor Truck Source make claims involving an "Auto," defined as "land motor vehicle, 'trailer' or semitrailer;" but

they also never allege that an "accident," the result of "garage operations" has happened. *Id.* ¶ 21. Instead, the allegations are that KSW through De Lucio, sold defective chassis to Pac Anchor that Truck Source allegedly claimed were stable for transporting shipping containers and that were made in the United States. *Id.* ¶ 10-12. Pac Anchor claims Truck Source made misrepresentations regarding the foregoing, and it thereby brought causes for breach of express warranty, fraudulent inducement – concealment, breach of contract, violations of the Oregon Unlawful Trade Practices Act ("UTPA") and negligent misrepresentation against Truck Source; for which Truck Source brought its own claims of negligence contribution and common-law indemnity against KSW. *Id.* ¶ 16, 19. None of these causes are covered by any Policy provision. *Id.* ¶ 28.

L.    Furthermore, one or more of the above exclusions preclude coverage for the claims asserted in the Underlying Suit, should they meet the terms of the insuring agreement. *Id.* ¶ 31. Specifically, KSW is precluded from coverage under the "defective products" exclusion, in that it provides no coverage for "property damage" to "products" having existing defects at the time they are transferred to others. *Id.* ¶ 33. Additionally, the "work you performed" exclusion will provide no coverage when there is "property damage" which results from the work performed by KSW. *Id.* ¶ 34.

M.    And because Colony has no coverage obligations at all, it has no duty to defend or indemnify KSW for the claims raised in the Underlying Suit. Compl. for Declaratory J. ECF No. 1.

**WHEREFORE, PREMISES CONSIDRED** Colony Insurance Company prays the Clerk

of the Court enter Default against KSW, and for such other and further relief to which Colony is

entitled.

Respectfully submitted,

*/s/ Matthew Rigney*
Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
mattr@tbmmlaw.com
Jelan A. Cato
Texas Bar No. 24107360
Southern District Bar No. 3881687
jelanc@tbmmlaw.com

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**                    **PAGE 7**

Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR DEFENDANT**
**COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, a true copy of the foregoing was served on all counsel of record via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure.

*/s/ Matthew Rigney*
Matthew Rigney

**REQUEST FOR CLERK'S ENTRY OF DEFAULT**                                    **PAGE 8**